UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFERY ANDERSON,

                    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

                    Defendant.

Civil Action No. 11 CV 0964

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Jeffery Anderson, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff incurred a credit card debt to American Express. This debt will be referred to as "the subject debt."

10. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Plaintiff thereafter defaulted on the subject debt.

12. Upon information and belief, Defendant was employed by American Express to collect on the subject debt.

13. For at least the last 12 months, Defendant has been calling Plaintiff on his home and cellular telephone multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. In or about September, 2011, Defendant called Plaintiff's residence and spoke with Plaintiff's son-in-law who answered the telephone. Without verifying who they were speaking with, Defendant disclosed the subject debt to Plaintiff's son-in-law.

15. In or about September, 2011, Defendant called Plaintiff's residence and spoke with Plaintiff's 15-year-old son and disclosed they were calling about a debt for Jeffery Anderson.

16. In or about September, 2011, Defendant again called the Plaintiff's residence immediately after speaking with the Plaintiff's son and spoke with Plaintiff's son-in-law. Again Defendant disclosed Plaintiff's debt to Plaintiff's son-in-law.

17. That within the last 12 months, Plaintiff has sent two cease and desist letters to Defendant, requesting that they stop calling his home and cellular telephone. Despite Defendant's receipt of said letters, Defendant has continued to call Plaintiff's home and cellular telephone multiple times per week, and often multiple times a day.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692b(2) by calling Plaintiff for reasons other than to confirm or correct location information and by disclosing Plaintiff's debt to Plaintiff's son-in-law and 15-year-old son.

   B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

   C. Defendant violated 15 U.S.C. §1692c(c) by continuing to call Plaintiff repeatedly on his home and cellular telephone despite the fact that Defendant received two cease and desist letters from Plaintiff.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 8, 2011

_Kimberly T. Irving_
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: kirving@kennethhiller.com